UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAN ANTONIO HOUSING CENTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. CV-17-1130 |
| | § | |
| BERKLEY NATIONAL INSURANCE | § | |
| COMPANY f/k/a UNION STANDARD | § | |
| INSURANCE COMPANYL; AND | § | |
| MARK MASSEY, | § | |
| | § | |
| Defendants. | § | |

_____

**DEFENDANT ACADIA INSURANCE COMPANY'S NOTICE OF REMOVAL**
_____

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Acadia Insurance Company ("Acadia"), incorrectly sued as Berkley National Insurance Company f/k/a Union Standard Insurance Company, respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Western District of Texas from the 45th Judicial District Court of Bexar County, Texas, and for its Notice of Removal states:

I.
**REMOVAL JURISDICITON**

1. This action, entitled *San Antonio Housing Center v. Berkley National Insurance Company f/k/a Union Standard Insurance Company; and Mark Massey*, pending in the 45th Judicial District Court of Bexar County, Texas, Cause No. 2017-CI-16588, was commenced against Defendants via the filing of Plaintiff's Original Petition (the "Petition") on or about August 30, 2017.

2. Defendant Acadia was served via certified mail on October 10, 2017. Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff alleges causes of action against Acadia for breach of contract, violations of the Texas Insurance Code , and breach of the duty of good faith and fair dealing. *See* Petition at 9-11. Plaintiff alleges causes of action against Massey for violations of the Texas Insurance Code. *See* Petition at 11-13. Plaintiff sued for damages, including actual damages, attorneys' fees, court costs, 18% statutory penalty damages, treble damages, punitive and exemplary damages, pre-judgment interest, post-judgment interest, and additional damages. *See* Petition at 14-15.

4. Plaintiff is a Texas corporation with its principal place of business in San Antonio, Texas. *See* Petition at 1. Defendant Acadia is a corporation formed under the laws of New Hampshire with its principal place of business in Maine. Defendant Mark Massey has been improperly joined and his citizenship should be disregarded for the purposes of determining diversity jurisdiction. Therefore, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

5. The doctrine of improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). When determining if the second ground for improper joinder is met, the Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6) analysis to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party. *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.,* 818 F.3d 193, 200 (5th Cir. 2016). A theoretical basis is not sufficient and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist.

LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012)(citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

6. Plaintiff's lawsuit arises from a first-party insurance claim for wind and hail damage to the roof and interior water damage to its property located in San Antonio, Texas, which allegedly occurred during Acadia's policy period. *See* Petition at 3. Plaintiff alleges "Defendant BERKLEY assigned or otherwise retained its employee and/or agent Defendants [sic] Massey to work on Plaintiff's Claim." *Id.* at 4. According to Plaintiff, Massey inspected the property, retained an engineer to assist with the investigation, but "… neglected his duties to conduct a reasonable and thorough investigation of Plaintiff's claim . . . ." *Id.* at 4-5.

7. The alleged actions of Massey are indistinguishable from the alleged actions of Acadia. Plaintiff's Original Petition fails to state that Massey acted outside his duties as an independent contractor who assisted in the investigation of Plaintiff's claim. As such, Plaintiff fails to distinguish between the allegedly wrongful acts of Massey and those of Acadia, and therefore cannot recover separately from Massey. *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 LEXIS 37418, at *4–5 (S.D. Tex. Mar. 19, 2012)(concluding that "because the Plaintiffs' claims against [the adjuster] are identical to his claims against the corporate Defendants, he fails adequately to state a claim against [the adjuster].").

8. Although Plaintiff alleges a cause of action against Massey for violations of the Texas Insurance Code, the allegations are nothing more than labels, legal conclusions couched as factual allegations, and formulaic recitations of the elements of the cause of action. *See* Petition at 4-14. None of these allegations are sufficient to establish a viable cause of action against Massey under Texas law. *Finkelman v. Liberty Mut. Fire Ins. Co.*, No. H:09-CV-03855, 2010 LEXIS 56813, at *19–21 (S.D. Tex. Feb. 4, 2010); *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No.

H-09-1728, 2009 LEXIS 99854, at *3 (S.D. Tex. Oct. 27, 2009)(holding that verbatim recitations of claim elements from the Texas Insurance Code without allegations illustrating what actions are specifically attributable to the insurance adjuster are insufficient to state a viable claim against the adjuster); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 LEXIS 60654, at *4 (S.D. Tex. Feb. 20, 2007) (holding that a complaint alleging joint violation of statutory provisions of the Insurance Code by the insurance company and adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]").  Therefore, there is no reasonable basis for the Court to predict Plaintiff might recover against Massey.

9. For these reasons, there is no reasonable basis to predict Plaintiff might recover against non-diverse Defendant Massey given Plaintiff's failure to plead facts which fit a properly pleaded theory of recovery against them. This Court should disregard Massey's citizenship for purposes of the removal determination.

## II.
## AMOUNT IN CONTROVERSY

10. "Plaintiff is seeking monetary relief over $1,000,000." *See* Exhibit A (Plaintiff's Original Petition at 2).  Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## III.
## ATTACHMENTS

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Acadia in the state court action are attached to this notice. *See* Exhibit A.

## IV.
## NOTICE TO STATE COURT

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 45th District Court of Bexar County, Texas.

13. Pursuant to Federal Rule of Civil Procedure 38, Acadia demands a trial by jury.

## V.
## PRAYER

WHISEFORE, PREMISES CONSIDERED, Acadia respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Acadia further request any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Lisa M. Wilson*
**LISA M. WILSON**
Texas State Bar No. 24013767
Email: lisa.wilson@wilsonelser.com
**LAKEISHA FORTÉ WELLS**
Texas State Bar No. 24042237
W.D. Tex. Bar No. 1048586
Email: lakeisha.fortewells@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR DEFENDANTS ACADIA INSURANCE COMPANY, AND MARK MASSEY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 4th day of October, 2017.

  William T. Jones, Jr.
  Robert D. Green
  Daniel P. Barton
  Green & Barton
  1201 Shepherd Drive
  Houston, Texas 77007

               */s/Lisa M. Wilson*
               **LISA M. WILSON**