# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| SAN ANTONIO HOUSING CENTER, | ) |
| Plaintiff, | ) |
| V. | ) CIVIL ACTION NO. SA-17-CA-1130-FB |
| BERKLEY NATIONAL INSURANCE COMPANY f/n/a Union Standard Insurance Company, and MARK MASSEY, | ) |
| Defendants. | ) |

## ORDER OF REMAND

Before the Court are Defendant Mark Massey's Motion to Dismiss Plaintiff's Original Petition Pursuant to Federal Rules of Civil Procedure 8, 9 and 12(b)(6) and Brief in Support (docket no. 9), plaintiff's response (docket no. 13) in opposition thereto and defendant's reply (docket no. 14) to plaintiff's response. In connection with these filings, the Court considered its jurisdiction over this removed case. After careful review, the Court finds that defendant Mark Massey is not improperly joined. Because this Court lacks subject matter jurisdiction over this removed case, the Court remands this matter to state court.

## BACKGROUND

Plaintiff filed its Original Petition in the 45th Judicial District Court of Bexar County, Texas on August 30, 2017. Plaintiff brings claims for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against defendant Berkley National Insurance Company ("Berkley"). Plaintiff's also brings a claim for violations of the Texas Insurance Code against defendant Massey.

Plaintiff owns real property located at 3625 Paesanos Parkway, in San Antonio, Texas ("the property") which was insured by a policy issued by defendant Berkley.  On or about April 25, 2016, plaintiff alleges a severe storm caused substantial damage to the property and constituted a covered loss under its policy.

Plaintiff alleges it subsequently made a claim and demand for payment on defendant Berkley for damages to the property and other damages covered by the policy's terms.  Defendant allegedly assigned or otherwise retained defendant Massey to work on plaintiff's claim.  Plaintiff contends defendants failed to comply with the policy, the Texas Insurance Code, and other Texas law when handling its claim.  Plaintiff further alleges that defendant Berkley has refused to pay any amounts due under the policy following plaintiff's claim.

Plaintiff also specifically alleges that defendant Massey knowingly and intentionally conducted an inadequate and biased investigation which resulted in the erroneous denial of plaintiff's claim.  Specifically, plaintiff contends defendant Massey "embarked upon a scheme to collude with BERKLEY to create a false reason to deny the Claim, including but not limited to his improper reliance on the cosmetic exclusion in the policy."  The original complaint states:

> ¶16 After Plaintiff made the Claim, Defendant BERKLEY assigned or otherwise retained its employee and/or agent Defendant Massey to work on Plaintiff's claim. Defendant Massey inspected the property on May 27, 2016. As demonstrated by the facts below, Defendant Massey was far more than a field adjuster who merely wrote an estimate using form based industry software. Rather, Massey was intimately involved with the handling and denial of the Claim adjustment to date including but not limited to the following actions: 1) handling many communications on behalf of the Defendant BERKLEY with Plaintiff and Plaintiff's representative regarding the Claim; 2) coordinating inspections of the property; 3) personally inspecting the Property; 4) personally preparing, reviewing and/or approving damage estimates related to the claim; 5) personally vetting and hiring engineers and an engineering firm (Jim Koontz) to work on the Claim; 6) reviewing and adopting the work, findings and opinions of the third party engineers and relaying such findings to Plaintiff; 7) determining coverage issues and what amount of money should be paid to Plaintiff for the claim ($0.00); 9)

recommending to the Defendant BERKLEY whether the claim should be covered and what amount of money should be paid to Plaintiff for the Claim; 10) instructing third party engineers to look for excuses as to why the Claim should not be covered in direct contravention to their duties owed under the Policy and Texas law; and 11) directing Plaintiff to retain its own engineer to investigate the claim in contravention to Defendant BERKLEY's duties to conduct a reasonable and thorough investigation of the Claim.

¶ 17 At the time Massey initially visited the Property on or about April 27, 2016, Massey neglected his duties to conduct a reasonable and thorough investigation of Plaintiff's claim and embarked upon a scheme to collude with BERKLEY to create a false reason to deny the Claim, including but not limited to his improper reliance on the cosmetic exclusion in the policy. Improperly relying on this single exclusion, Defendant Massey never attempted to determine the extent of the damage to Plaintiff's Property and never prepared an estimate of damages. Rather, he began looking for an excuse for Defendant Berkley to delay and ultimately deny coverage on the Claim.

¶ 18 After the initial April 27, 2016 inspection, Massey began working together with BERKLEY to wrongfully deny the Claim. Rather than themselves investigate the obvious wind and hail damage to the Property, Massey determined that BERKLEY should retain an engineer to investigate Plaintiff's claim. Accordingly, Massey retained [Jim D. Koontz and Associates] on behalf of Berkley. The very hiring of [Jim Koontz] resulted in an unnecessary delay to the adjustment of Plaintiff's claim because [Jim Koontz] was not able to inspect the property until December 7, 2017 and did not finalize its report until January 17, 2016 – almost nine months after the date of the loss. During this time, Plaintiff's property remained damaged, and Plaintiff was experiencing leaks, resulting in several special assessments to mitigate the ongoing damages.

¶ 19 After Jim Koontz completed its inspection and issued its report, it sent its findings to Defendants Massey and BERKLEY. A copy of the [Koontz] report was provided to Plaintiff for its review. This report overlooked much of the evidence provided to all Defendants during their own previous inspections. Apparently, the fact that the Property had not previously suffered significant leaks, combined with the fact that water had entered Plaintiff's property after severe hail fell, did not amount to any evidence of hail damage according to Jim Koontz and Defendant Massey. Defendants relied upon Jim Koontz's flawed report, ignored direct evidence that the damage to Plaintiff's property was caused by a covered peril under the Policy and recommended BERKLEY deny Plaintiff's claim. Massey then provided to BERKLEY the initial basis for the denial, which was sent to Plaintiff in a letter dated September 14, 2016 wrongfully denying Plaintiff's Claim (the "Denial Letter").

¶20 Massey's statements given to BERKLEY in the Denial Letter are specific misrepresentations by Massey regarding the actual covered damages to the property. For example, BERKLEY cites Massey's findings of only "minor hail indentations [on the roof] that have only altered its physical appearance and will not result in the roof being

unable to perform its intended function, and several areas of deteriorated roof sealant" as its sole reason for the Claim denial. Massey's statements in the Denial Letter citing "wear and tear" as an alternative basis for denial of the claim are also specific misrepresentations because massive amounts of water had not previously leaked into the building, which would have done so if the building were experiencing problems from "wear and tear."

On November 4, 2017, defendant Berkley removed the case to federal court alleging plaintiff is a citizen of Texas, defendant Berkley is incorporated in New Hampshire with its principal place of business in Maine, and defendant Massey is a citizen of Texas but was improperly joined. There is no dispute plaintiff seeks damages of more than $75,000.

On November 13, 2017, defendant Massey filed a motion arguing he should be dismissed as a party defendant because he was improperly joined. On November 27, 2017, plaintiff filed its response to the motion to dismiss arguing it has stated a claim against defendant Massey for which relief can be granted. Defendant Massey filed his reply to plaintiff's response on December 4, 2017. Plaintiff has not filed a motion to remand. However, this Court has a duty to examine its subject matter jurisdiction and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001).

## STANDARD OF REVIEW

For diversity jurisdiction to be proper, the Court "must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., Inc. v. Insurance Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that a non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the

plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. *Smallwood*, 385 F.3d at 573.

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *International Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016); *see also Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the Court must resolve "all . . . factual allegations, all contested issues of substantive fact, and all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the Court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550.

## DISCUSSION

Plaintiff brings a claim for unfair settlement practices under the Texas Insurance Code against defendant Massey. Defendant Massey argues that plaintiff's allegations provide no reasonable basis in law or fact upon which plaintiff can state a valid state law cause of action against him.

Under Texas law, "a person who sustains actual damages may bring an action against another person for those damages caused by the other person" who engages in "an unfair method of competition

or an unfair or deceptive act or practice in the business of insurance." TEX. INS. CODE § 541.151. The Texas Insurance Code defines "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance" as including:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; (4) failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; (5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .

TEX. INS. CODE § 541.060(a)(1)-(7). Texas law recognizes suits against insurance adjusters in their individual capacities for violations of the Insurance Code. *Moore v. State Farm Mut. Auto Ins. Co.*, Civil Action No. H-12-1539, 2012 WL 3929930, at *3 (S.D. Tex. Sept. 6, 2012) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998)). According to Texas Insurance Code § 541.002, adjusters are considered "persons" for purposes of the statute; further, the statute holds that individual violators may be held personally liable. *Moore*, 2012 WL 3929930, at *3.

Plaintiff alleges defendant Massey violated Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4) and 541.060(a)(7). Defendant Massey argues plaintiff fails to state a claim against him upon which relief can be granted for violations of Chapter 541 of the Texas Insurance Code. He argues plaintiff fails to allege any specific wrongdoing by him which caused plaintiff any damages.

In its Original Petition, plaintiff does more than allege only conclusory language violations of numerous sections of the Texas Insurance Code. Rather, plaintiff states further facts which "constitute allegations specifically directed at [the adjuster]." *See Moore*, 2012 WL 3929930, at *5 (denying motion to remand where plaintiff merely made conclusory statements tracking Texas Insurance Code). Plaintiff alleges defendant Massey:

* knowingly and intentionally failed to conduct a reasonable and thorough investigation of plaintiff's claim and embarked upon a scheme to collude with defendant Berkley to create a false reason to deny the claim;

* never attempted to determine the extent of the damage to plaintiff's property but began looking for an excuse to delay and ultimately deny coverage on the claim;

* instructed third party engineers to look for reasons as to why the claim should not be covered;

* ignored direct evidence that damage to plaintiff's property was caused by a covered peril under the policy and recommended denial; and

* misrepresented that the damage was merely "minor hail indentations [on the roof] that have only altered its physical appearance and will not result in the roof being unable to perform its intended function."

Plaintiff alleges facts which purportedly connect the adjuster's individual actions to plaintiff's alleged harm. *See Morin v. State Farm Lloyds,* No. SA-17-CA-857-XR, (Order, docket no. 9 at page 6) (W.D. Tex. Oct. 12, 2017) (finding adjuster was not improperly joined and *sua sponte* remanding case to state court for lack of diversity jurisdiction where plaintiff alleged adjuster "failed to fully qualify Plaintiff's damages," "did not conduct a thorough investigation of Plaintiff's claim," made damage estimates that were "grossly undervalued and did not allow for adequate funds to cover the cost of repairs," and "knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim").

Defendant Massey argues plaintiff is unable to recover against him because he is not an "insurer." As noted, adjusters are considered persons "engaged in the business of insurance" and therefore may be sued in their individual capacities. TEX. INS. CODE § 541.002(2). Defendant Massey also implies that plaintiff's allegations about him are untrue. "[F]actual disputes, however, are not sufficient for the Court to find improper joinder, especially given that the Court must resolve all factual allegations and all contested issues of substantive fact in the plaintiff's favor." *Morin,* No. SA-17-CA-857-XR, (Order, docket no. 9 at pages 6-7) (citing *Guillory,* 434 F.3d at 308). As noted, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch,* 491 F.3d at 281–82; *see also Morin,* No. SA-17-CA-857-XR, (Order, docket no. 9 at page 7).

In sum, plaintiff has pleaded facts which provide the Court a reasonable basis to conclude plaintiff has stated a valid claim against defendant Massey for which relief can be granted. Accordingly, defendant Massey's "citizenship must be considered when determining whether the parties have complete diversity under 28 U.S.C. § 1332(a)." *Id.* Because defendant Massey is not diverse from plaintiff, diversity jurisdiction is lacking and the case must be properly remanded to state court. *Id.*

## CONCLUSION

The Court finds defendant Mark Massey was not improperly joined as a party-defendant in this case. Accordingly, the Court further finds it lacks subject matter jurisdiction over this removed case and shall remand the matter to state court pursuant to 28 U.S.C. §§ 1447(c), (d).

IT IS THEREFORE ORDERED that the above styled and numbered cause is REMANDED to the 45th Judicial District Court of Bexar County Texas for lack of federal subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall mail a certified copy of this Order of Remand to the Clerk of the 45th Judicial District Court of Bexar County, Texas;

IT IS FURTHER ORDERED that Defendant Mark Massey's Motion to Dismiss Plaintiff's Original Petition Pursuant to Federal Rules of Civil Procedure 8, 9 and 12(b)(6) (contained within docket no. 9) is DISMISSED as MOOT;

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 7th day of December, 2017.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE